PEARSON, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| SHAVONNE BRATTON, | ) | |
| | ) | CASE NO. 4:20CV2122 |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| SWAMP ANIMALS, *et al.*, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | [Resolving ECF No. 2] |

*Pro Se* Plaintiff Shavonne Bratton filed the above-entitled action against Swamp Animals, Coral Reef, and Earth. The Complaint (ECF No. 1) is barely comprehensible. That which can be comprehended does not contain coherent factual allegations, legal claims or a prayer for relief.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief may be granted or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

(4:20CV2122)

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in th[e] complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal* , 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a complaint, the court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

Plaintiff does not set forth allegations reasonably suggesting that she has any plausible federal civil claim on which relief may be granted. To meet minimum pleading requirements, the complaint must give the defendants fair notice of what the plaintiff's legal claims are and the factual grounds upon which they rest. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). Although the Court reads *pro se* pleadings more liberally than those drafted by attorneys, the Court's role is to adjudicate disputes, not assist in asserting them. The Complaint (ECF No. 1) fails to meet basic pleading requirements and fails to state any claim against any defendant that is plausible on its face. Without a federal legal claim, jurisdiction cannot be based on a federal question.

(4:20CV2122)

Accordingly, Plaintiff's Application to Proceed *in Forma Pauperis* (ECF No. 2) is granted, and this action is dismissed pursuant to 28 U.S.C. § 1915(e). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

| | |
|---|---|
| February 26, 2021 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |